892 F.2d 1042
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
TOWN & COUNTRY PROPERTIES, INCORPORATED, a Virginia
corporation, Plaintiff-Appellant,
v.
Thomas P. HOWELL; Sonja K. Howell, Defendants-Appellees.
 No. 89-2040.
 United States Court of Appeals, Fourth Circuit.
 Argued: Oct. 4, 1989.
Decided: Dec. 15, 1989.
 
 Henry F. Brandenstein, Jr. (Rees, Broome & Diaz, P.C., on brief), for appellant.
 Richard Allen Bartl (Thomas A. Gorman, Tyler, Bartl, Burke & Albert, on brief), for appellees.
 Before HARRISON, L. WINTER, K.K. HALL and PHILLIPS, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal is from a judgment for the sellers in a suit by a real estate agent to collect a commission for the sale of real property to a buyer other than one produced by plaintiff. We think that the judgment of the district court is unassailable, and we affirm.
 
 I.
 
 2
 While debtors in a Chapter 11 bankruptcy proceeding, Thomas Howell and his wife (defendants) contracted to sell Glen Owen farm, owned by them, to Glen Owen Joint Venture (GOJV) for $950,000. After defendants and GOJV were informed that the sale must be approved by the bankruptcy court, they agreed to settle one day after approval of the sale by the bankruptcy court or dismissal of the bankruptcy petition.
 
 
 3
 Before the occurrence of either of these events, defendants, upon solicitation of an agent of plaintiff, Town and Country Properties, Inc. (T & C), signed a listing agreement with T & C giving it the exclusive right to sell Glen Owen farm. The agreement, which was signed on April 11, 1988, enigmatically stated that "Glen Owen Joint Venture is excluded from this agreement after May 11, 1988." The parties sharply dispute whether the phrase "after May 11, 1988" was a part of the agreement when it was signed by defendants.
 
 
 4
 On April 24, T & C found a buyer, one Jerry E. Michael, who was willing to pay $1,000,000 for the farm. Mr. Michael signed a contract with the defendants to purchase the farm at that price. The contract recited that there was an outstanding contract for the purchase of the farm and "this Contract will be handled as deemed appropriate by the U.S. Bankruptcy Court in accordance with Bankruptcy Law," and further that "[i]n the event this Contract is accepted by the Bankruptcy Court," the purchaser will comply with the terms of the contract and the settlement date "as set by the Court."
 
 
 5
 The contract obtained by T & C was not submitted to the bankruptcy court. Instead, defendants dismissed the bankruptcy proceeding and proceeded to settlement with GOJV.
 
 
 6
 The non-jury trial of T & C's suit to recover a commission produced conflicting testimony as to what defendants told T & C when they signed a listing agreement and to what they told T & C when it produced a purchaser. Sharply at issue was whether the phrase "after May 11, 1988" was in the T & C listing agreement when it was signed by defendants or whether it was supplied later. The exact significance of the absence or presence of the phrase at the time of defendants' signing is elusive, but the parties construe its absence as denying to T & C the right to earn a commission if the contract with GOJV settled. The district court found that the phrase was not included in the listing agreement when it was signed by defendants.
 
 
 7
 Another sharply contested issue was whether defendants had agreed to submit the Michael contract to the bankruptcy court. The district court found that they had not, because it found that T & C knew that the Michael contract was a backup contract. As the district court analyzed the case, T & C had an exclusive right to sell the property to anyone other than GOJV. Thus, if GOJV settled, then T & C would not be entitled to a commission. However, if GOJV did not settle, then T & C would be entitled to a commission if the buyer procured by it did settle for the property.
 
 II.
 
 8
 From our examination of the documents and the testimony of the parties and various witnesses, we think that the findings of fact of the district court are not clearly erroneous. Anderson v. Bessemer City, 470 U.S. 564 (1985). We recognize that some of the basic and controlling facts were vigorously disputed and that it might have been possible for the district court, if it had viewed the credibility of the main witnesses differently, to have found the facts in favor of T & C. Because credibility is such an important factor in the fact finding process in this case, there is compelling reason for us to defer to the district court's findings of fact.
 
 
 9
 Once it is established that the Michael contract was a backup contract and defendants had not agreed to submit it to the bankruptcy court, it follows that the district court correctly applied the controlling Virginia law in giving judgment for defendants. Under Virginia law, a real estate broker is only entitled to a commission if "he procures a sale or a valid enforceable contract of sale." Ford v. Gibson, 191 Va. 96, 104, 595 E.2d 867, 870 (1950). Because the Michael contract was a backup to the GOJV contract and the latter was consummated, T & C never procured a valid enforceable contract of sale. Moreover, defendants' listing agreement with T & C excluded the GOJV contract from its scope, so T & C was not entitled to a commission if, as happened, the GOJV contract was performed. Quality Home Builders v. Herrick, 210 Va. 723, 173 S.E.2d 846 (1970); Hensley v. Moretz, 197 Va. 440, 90 S.E.2d 183 (1955).
 
 III.
 
 10
 Despite T & C's contention to the contrary, we do not think that the district court abused its discretion in permitting defendants to respond to T & C's request for admissions eight days after the response was initially due. The district court may allow such a late filing where, as here, the opposing party fails to show any material prejudice from the delay. See, e.g., Donovan v. Porter, 584 F.Supp. 202 (D.Md.1984).
 
 
 11
 AFFIRMED.